IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRANDON WALTERS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No**. 3:21-CV-981-L** |
| | § | |
| **BLUE CROSS AND BLUE SHIELD OF** | § | |
| **TEXAS, INC.,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant Blue Cross and Blue Shield of Texas, Inc.'s Motion to

Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Motion for

Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 14), filed

August 9, 2021.[*] After considering the motion, pleadings and briefs, and applicable law, the court,

for the reasons herein explained, **grants** Defendant's Motion to Dismiss (Doc. 14).

### I.      Factual and Procedural Background

Brandon Walters ("Plaintiff" or "Mr. Walters") originally filed this action in the 298th

Judicial District Court, Dallas County, Texas seeking damages stemming from the production of

Mr. Walters's medical records by BCBSTX to the attorney representing his ex-wife in a separate

child custody proceeding. Mr. Walters alleges that his ex-wife's counsel obtained a court order

---

[*] The court considers this motion to be one filed pursuant to Rule 12(c). This is so because Defendant filed an answer in state court to Plaintiff's state court pleadings, and no further answer was required pursuant to Federal Rule of Civil Procedure 81(c). Further, a Rule 12(c) motion is proper only after a party has filed an answer. Additionally, Defendant asserts that it is improperly named as "Blue Cross and Blue Shield of Texas, Inc." and states that its correct name is "Health Care Service Corporation, a Mutual Legal Reserve Company operating in Texas as Blue Cross and Blue Shield of Texas." *See* Doc. 14 n.1. The court determines that this is a distinction without a difference. The court takes Defendant at its word; however, whether Defendant is "Blue Cross Blue Shield of Texas, Inc." or "Health Care Service Corporation, a Mutual Legal Reserve Company operating in Texas as Blue Cross and Blue Shield of Texas," it has appeared and has filed a motion to dismiss. If this is important to Defendant, it **shall** file a motion to correct the misnomer; otherwise, the court will continue to refer to Defendant as "BCBSTX."

**Memorandum Opinion and Order – Page 1**

allowing counsel to issue a subpoena limited in scope and time to BCBSTX seeking his medical records. Pl.'s Fourth Am. Compl. (Doc. 13, ¶ 11). The medical records were to be submitted to the assistant judge for an *in camera* review prior to being produced to counsel for Mr. Walters's ex-wife; however, the medical records, exceeding both scope and time, were produced by BCBSTX directly to counsel of Mr. Walters's ex-wife. *Id.* Mr. Walters contends the overproduction by BCBSTX violated his right to privacy and that, as a result, he is entitled to damages. *Id.* ¶ 15.

On April 30, 2021, BCBSTX removed the state court action to this court based on diversity jurisdiction. Following removal, Mr. Walters was granted leave to file his Fourth Amended Complaint (Doc. 13), which was filed on July 26, 2021. Two weeks later, BCBSTX filed the motion now before the court, which seeks to dismiss with prejudice Plaintiff's following claims: Violation of Right of Privacy (Count I); Invasion of Privacy – Intrusion Upon Seclusion (Count II); Invasion of Privacy – Public Disclosure of Private Facts (Count III); and Negligence Per Se (Count IV). BCBSTX does not move to dismiss Plaintiff's claim under the Texas Deceptive Trade Practices Act and Texas Insurance Code (Count V).

## II.    Applicable Law

### A.  Rule 12(c) - Standard for Judgment on the Pleadings

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial.  Fed. R. Civ. P. 12(c).  "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote omitted).  If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark

the close of the pleadings." *Id.* (footnote omitted). A "defendant may not move under Rule 12(c) prior to filing an answer." *Id.* at 214.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Id.* (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a

complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.    Analysis

Defendant contends dismissal is proper under Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure. Specifically, BCBSTX argues Plaintiff's claim that BCBSTX violated his general right of privacy (Count I) is not a cause of action recognized under Texas law. Defendant next argues that Plaintiff fails to plead adequate facts supporting the elements to his invasion of privacy claims (Counts II and III). Finally, Defendant argues Plaintiff's negligence per se claim (Count IV) based upon violations of the Health Insurance Portability & Accountability Act ("HIPAA") and the Texas Medical Records Privacy Act, Tex. Health & Safety Code Ann. § 181 ("TMRPA") fails as a matter of law because the cause of action is not recognized under Texas

law. Mr. Walters, in turn, argues his allegations are adequately pleaded and supported by case law. The court sets forth its analysis for resolving each argument below.

### A.  Violation of Right to Privacy (Count I)

Plaintiff cites both the U.S. Constitution and Texas Constitution as supporting the right of individual privacy. Doc. 18 at 3-8. In support of his position, Mr. Walters cites a litany of cases concerning federal or state laws or actions by government actors. *Id.* Those cases, however, are not applicable to this case because they involve actions by government or state actors, and the present case involves only actions by a private actor. BCBSTX is a private actor, not a state actor or one acting in concert with the state or government. Since BCBSTX is a private actor and not a state actor, no private cause of action exists for Mr. Walters's alleged violation of his privacy under the U.S. Constitution or Texas Constitution by BCBSTX. *See Ramie v. City of Hedwig Vill.*, Tex., 765 F.2d 490, 492 (5th Cir. 1985) ("The Constitution protects individuals against invasion of their privacy *by the government*.") (emphasis added); *and see Texas State Emps. Union v. Texas Dep't of Mental Health & Mental Retardation*, 746 S.W.2d 203, 205 (Tex. 1987) ("[T]he Texas Constitution protects personal privacy from unreasonable intrusion. This right to privacy should yield only when the government can demonstrate that an intrusion is reasonably warranted for the achievement of a compelling governmental objective that can be achieved by no less intrusive, more reasonable means.").

Texas common law, however, does recognize the following four types of invasion of privacy claims: "1. Intrusion upon the plaintiff's seclusion or solitude, or into his private affairs[;] 2. Public disclosure of embarrassing private facts about the plaintiff[;] 3. Publicity [that] places the plaintiff in a false light in the public eye[; and] 4. Appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Ross v. Midwest Commc'ns, Inc.*, 870 F.2d 271, 273 (5th Cir.

1989) (citing *Industrial Found. of the South v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 682 (Tex. 1976)). Plaintiff separately asserts causes of action for the first two types of Texas invasion of privacy claims, which the court discusses *infra*, but he does not assert claims or allege any facts that could support a claim under the last two types of invasion of privacy. Thus, Plaintiff has failed to state any claim upon which relief can be granted as to a general "violation of right of privacy."

### B.  Invasion of Privacy – Intrusion Upon Seclusion (Count II)

Plaintiff asserts BCBSTX violated his privacy by intruding upon his private affairs—his medical records—by producing them to a party other than the associate judge, as directed. Doc. 13 at 9-10. Defendant moves to dismiss the claim for Plaintiff failing to allege facts that BCBSTX physically intruded upon Mr. Walters's property or eavesdropped on any his conversations. Doc. 15 at 5-9.

To state a claim for invasion of privacy by intrusion on seclusion, Plaintiff must allege facts sufficient to show the following two elements: "(1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). Physical intrusion is not the only way to sustain a claim of seclusion by intrusion. Texas courts have found intrusion when the plaintiff had photographs or videos taken without his or her consent, instances of surveillance measures or spying, and eavesdropping on a conversation with the aid of wiretaps or microphones. *See, e.g., Billings v. Atkinson*, 489 S.W.2d 858 (Tex. 1973) (holding installation of wiretap device on plaintiff's telephone was an invasion of privacy by intrusion on seclusion); *Bray v. Cadle Co*., No. 4:09-CV-663, 2010 WL 4053794, at *16 (S.D. Tex. Oct. 14, 2010) (holding that plaintiff stated a claim for invasion of privacy by intrusion on seclusion by alleging defendant hired people to surveil him and obtain his bank information); *Clayton v.*

*Richards*, 47 S.W.3d 149, 156 (Tex. App.—Texarkana 2001, pet. denied) (holding installation of video camera in bedroom without plaintiff's knowledge or consent was invasion of privacy by intrusion on seclusion).

Although the past cases show the intrusion need not be physical, none stretches as far to include a "virtual intrusion" as Plaintiff argues. Doc. 18 at 9. Even construing the Complaint in the light most favorable Plaintiff, the case law does not support a contorted view that disclosure of medical records to a third party qualifies as an act of intrusion, even though the disclosure exceeded prior authorization. *See Clayton*, 47 S.W.3d at 156 ("The core of the tort of invasion of privacy is the offense of prying into the private domain of another, not the publicity that may result from such prying."). Moreover, Plaintiff's additional allegation that BCBSTX aided and abetted a third party, who in the past has made allegations against Mr. Walters resulting in the "physical intrusion into his person due to blood testing, breath sampling, and reference to counseling," does not meet the elements to state a claim. Doc. 13 at 10. Plaintiff, therefore, does not allege an action that would meet the first element on this claim.  Accordingly, the court need not address the remaining elements.

### C.  Invasion of Privacy – Public Disclosure of Private Facts (Count III)

Plaintiff asserts that BCBSTX violated his privacy when it produced his medical records that exceeded the scope and time of the subpoena to an unauthorized third-party. Doc. 13 at 11-12. Defendant moves to dismiss the claim for failing to allege the medical records were disclosed to the public at large. Doc. 15 at 5-9.

To plausibly plead a claim of invasion of privacy by public disclosure of private facts, Plaintiff must set forth facts from which the court can reasonably infer that: "(1) that publicity was given to matters concerning his private life, (2) the publication of which would be highly offensive

to a reasonable person of ordinary sensibilities, and (3) that the matter publicized is not of legitimate public concern." *Industrial Found.*, 540 S.W.2d at 682. The first element requires the private information be publicized, which "requires communication to more than a small group of persons; the matter must be communicated to the public at large, such that the matter becomes one of public knowledge." *Id.* at 683.

Here, Mr. Walters only alleges that BCBSTX disseminated his medical records to a sole party—his ex-wife's attorney—and that the disclosure to the attorney "would likely" result in his ex-wife receiving his medical records. Doc. 13 at 11. Although Mr. Walters's medical records are certainly private, he does not allege BCBSTX publicized his medical records to the public at large or disseminated the medical records to so many people that they became public knowledge. Plaintiff, therefore, does not allege an action that would meet the first element on this claim. Accordingly, the court need not address the remaining elements.

### D.  Negligence Per Se (Count IV)

Plaintiff alleges that BCBSTX was negligent per se when it violated HIPAA and TMRPA by producing his medical records that exceeded the scope of his authorization. Doc. 13 at 12-13. BCBSTX argues in its motion to dismiss that Texas law does not support a private cause of action, even a tort, based upon violations of HIPAA or TMRPA. Doc. 15 at 13-17. Defendant next argues that even if a private cause of action were supported under TMRPA, it is not applicable because TMRPA does not apply to employee benefit plans, and Mr. Walters's insurance plan with BCBSTX is an employee benefit plan. *Id.* Defendant further argues, that even if Texas law allowed for the action, Plaintiff's claim is barred by the economic loss rule. *Id.* at 16. The court declines to address Defendant's argument concerning whether TMRPA is applicable and whether the economic loss rule precludes Mr. Walters's claim because Plaintiff's claim fails as a matter of law.

Both parties acknowledge that neither HIPAA nor TMRPA creates a separate cause of action for private individuals. *See* Doc. 15 at 13; Doc. 18 at 14; *see also Acara v. Banks*, 470 F.3d 569 (holding there is no private cause of action under HIPAA); *and see Anderson v. Octapharma Plasma, Inc.*, No. 3:19-CV-2311-D, 2020 WL 7245075, at *21 (N.D. Tex. Dec. 9, 2020) (finding TMRPA "like its federal counterpart, [HIPAA], does not create a private right of action."); *Carpenter v. Arredondo*, No. SA-16-CV-188-XR, 2017 WL 1424334, at *2 (W.D. Tex. Apr. 10, 2017) (finding TMRPA, similar to HIPAA, "does not provide for a private right of action."). Mr. Walters posits that his negligence per se claim is not a separate cause of action under either statute but is instead based upon BCBSTX's negligence by failing to adhere to the standard of conduct set out in TMRPA and HIPAA. Doc. 18 at 14. Mr. Walters, however, cites no case law supporting his contention that HIPAA and TMRPA can be the basis for a negligence per se claim.

"Negligence per se is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims." *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). Under Texas law, a statute is not an appropriate basis for a negligence per se claim when "a legislative body declines to provide for an individual private right of action in a statute and instead provides a comprehensive regulatory scheme with limited private remedies." *Armstrong v. Southwest Airlines Co.*, No. 3:20-CV-3610-BT, 2021 WL 4391247, at *3 (N.D. Tex. Sept. 24, 2021) (citing *Smith*, 940 S.W.2d at 607-08; *Reeder v. Daniel*, 61 S.W.3d 359, 362-63).

Texas law provides:

> To determine whether a given statute may be the basis for a negligence per se claim, Texas courts must 'consider whether recognizing such an accompanying civil action would be inconsistent with legislative intent.' In other words, Texas courts 'will not disturb the Legislature's regulatory scheme by judicially recognizing a cause of action' not contemplated in the statute.

**Memorandum Opinion and Order – Page 10**

*Armstrong*, 2021 WL 4391247, at \*3 (quoting *Reeder,* 61 S.W.3d at 362-64). Other courts have refused to recognize negligence per se claims based upon statutes that decline to provide a private right of action because doing so would be inconsistent with legislative intent. *See Smith*, 940 S.W.2d at 607 (holding that violating section 106.06 of the Texas Alcohol Beverage Code "does not create a negligence per se cause of action" because "[t]o hold otherwise would ignore the intent and policies of the Legislature."); *Baker v. Smith & Nephew Richards, Inc.*, No. 95-58737, 1999 WL 811334, at \*18 (152nd Dist. Ct., Harris County, Tex. June 7, 1999), *aff'd sub nom. McMahon v. Smith & Nephew Richards, Inc.*, No. 14-99-00616-CV, 2000 WL 991697 (Tex. App.—Houston [14th Dist.] July 20, 2000, no pet.) (mem. op., not designated for publication) (holding that allowing negligence per se claims based upon the FDA, which contains a "prohibition on private causes of action," would be "both legally improper and ill-advised."); *Armstrong*, 2021 WL 4391247, at \*4 (finding the Air Carrier Access Act that "precludes a private right of action . . . is not a proper basis for a negligence per se claim under Texas law.").

Based on the foregoing, the court finds that HIPAA and TMRPA are not proper bases for a negligence per se claim under Texas law because both statutes do not contain a private right of action, and to hold otherwise would run afoul of legislative intent. Because HIPAA and TMRPA cannot serve as the basis for a negligence per se claim, Mr. Walters's negligence per se claim is dismissed with prejudice.

### E.  Further Amendment of Pleadings

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation.  The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994)

(citation omitted).  In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Although Mr. Walters did not request to further amend his Fourth Amended Complaint (Doc. 13), the court believes that permitting a fifth pleading attempt would be an inefficient use of the parties' and the court's resources, cause unnecessary and undue delay, and be futile. Moreover, Plaintiff stands by his pleadings and argues that the allegations of his Complaint are adequate to state the claims asserted. The court, therefore, concludes that Plaintiff has stated his "best case." *See Schiller*, 342 F.3d at 567. Accordingly, the court will not allow Plaintiff a further opportunity to amend his pleadings.

## IV.     Conclusion

For the reasons herein stated, the court **grants** BCBSTX's Motion to Dismiss (Doc. 14) and **dismisses with prejudice** Plaintiff's claims asserting: Violation of Right of Privacy (Count I); Invasion of Privacy – Intrusion Upon Seclusion (Count II); Invasion of Privacy – Public Disclosure of Private Facts (Count III); and Negligence Per Se (Count IV). The only remaining claims are those under the Texas Insurance Code and Texas Deceptive Trade Practices Act (Count V).

**It is so ordered** this 28th day of March, 2022.

Sam A. Lindsay
United States District Judge